United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIH HUSSEIN ZABADI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ALBERTO GONZALES, U.S. Attorney General; NANCY ALCANTAR, San Francisco Field Office Director, U.S. Bureau of Immigration and Customs Enforcement; and TOBY WONG, Correctional Captain, Santa Clara County,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　　　　/ | No. C 05-03335 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CLARIFY** |

**INTRODUCTION**

　　The government has moved for clarification of this Court's order freeing Samih Hussein Zabadi, an alien facing deportation, from federal custody as early as tomorrow if a $2500 bond is posted on his behalf. On April 25, Immigration Judge Dana Leigh Marks ruled that petitioner was entitled to release on bond because he was not a flight risk and did not pose a danger to the community. Immigration authorities now want this Court to allow it to keep petitioner in custody if the Board of Immigration Appeals stays Judge Marks's decision to release him on bond. They also want more general approval to pursue administrative relief from the bond decision. Petitioner opposes the motion. This order **GRANTS** clarification but otherwise rules against the government, holding that, absent a contrary decision by a higher judicial court, petitioner may be detained beyond 3 p.m. tomorrow only if he does not post bond.

## STATEMENT

Petitioner has been held in federal custody for nearly twenty-two full months. The government first sought his deportation for overstaying a visa. Later, he was convicted of a sex crime and incarcerated by the state. More than two years after his release, immigration authorities picked him up as part of a dragnet for sex criminals who were not citizens. The Department of Homeland Security then held him under the purported authority of a mandatory-detention statute requiring that certain criminal aliens be detained without bond pending a decision about whether to deport them. *See* former 8 U.S.C. 1252(a)(2) (1996). On November 22, 2005, this Court found that the statute did not authorize petitioner's detention. The government was ordered to release him by tomorrow (November 30) on $2500 bond unless it obtained emergency relief from the Ninth Circuit in the interim. On the following day, judgment was entered in favor of petitioner and against all respondents (*see, generally*, Order Granting Pet. for Writ of Habeas Corpus; Judgment).

## ANALYSIS

As the record stands, Judge Marks set bond after finding that petitioner did not pose a flight risk or danger to the community. *Zabadi* File No. A70 830 132 at 4–6 (Immigration Ct. Apr. 25, 2005). A stay by the BIA pending its further review would not vacate those findings. It would only have the effect of suspending the effectiveness of the release order. The only way for the BIA to undo Judge Marks's findings would be a decision on the merits.

If the BIA reverses either of Judge Marks findings, on flight risk and danger to community, the government is free to use statutes other than former Section 1252(a)(2) to detain petitioner. The government has not, as far as this Court has been informed, appealed those findings. It has merely sought a stay of the release order (*see, generally*, Shugall Decl., Exh. A, Motion for Emergency Stay of Bond Determination Decision, *Zabadi* (BIA Nov. 23, 2005)). A stay could be issued without reaching the merits of Judge Marks's bond findings.

The equities in this case militate in favor of petitioner, who has been in detention since February 2004. If a mere stay issued and were allowed to trump this Court's order that petitioner be released tomorrow, he would surely languish many more months before the BIA

issued its decision on the merits.  The government is free, however, to seek expedited review by the BIA on the merits while petitioner is out on bond.

## CONCLUSION

The government is **ORDERED** to release petitioner on November 30 at 3 p.m., provided he properly has posted bond at that hour, unless a higher judicial court rules otherwise.

**IT IS SO ORDERED.**

Dated: November 29, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE